

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

Nos. 06-13-00155-CR &
06-13-00156-CR

---

JUSTIN CLARK, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 204th District Court
Dallas County, Texas
Trial Court Nos. F-1261948-Q & F-1262793-Q

---

Before Morriss, C.J., Carter and Moseley, JJ.

O R D E R

Justin Clark, appellant, was convicted of unauthorized use of a motor vehicle and sentenced on May 31, 2013, to two years in the State Jail Division of the Texas Department of Criminal Justice Correctional Institutions Division (TDCJ-CID) in trial court cause number F-261948-Q (appellate cause number 06-13-00155-CR). Also on May 31, 2013, Clark was convicted of aggravated robbery with a deadly weapon and sentenced to ten years in the TDCJ-CID in trial court cause number F-1262793-Q (appellate cause number 06-13-00156-CR). Clark's notice of appeal was timely filed in each case on June 3. The clerk's record in each case was filed July 30, and the reporter's record in each case was filed September 16, making appellant's brief in each case due October 16. Counsel is appointed.

After one extension in each case, appellant's briefs were due November 15. On December 11, this Court advised counsel for appellant that the appellate brief in each case was past due, without a request for more time or any explanation to this Court for its absence. We warned counsel that if appellant's briefs and motions to extend time to file same were not received within fifteen days of the December 11 letter to counsel, these appeals would be subject to abatement to the trial court for a hearing. *See* TEX. R. APP. P. 38.8(b)(2). The briefs and motions in each case were then due on or before December 27.

Counsel for appellant ignored the December 27 deadline and failed to file appellant's briefs and motions to extend time. Because the briefs have not been filed and because we have heard nothing further from appellant's counsel, we abate these cases to the trial court pursuant to Texas Rule of Appellate Procedure 38.8(b) for a hearing to determine why counsel has not filed

2

the briefs, whether the briefs can be promptly filed with this Court, whether Clark desires to prosecute these appeals, and whether he is indigent. *See* TEX. R. APP. P. 38.8(b)(2). The hearing is to be conducted within fifteen days of the date of this order. The trial court may also address other matters as it deems appropriate, including appointing different counsel for appellant, if necessary.

The trial court's findings and recommendations on the issues set forth above shall be entered into the record of the case and presented to this Court in the form of a supplemental clerk's record within fifteen days of the date of the hearing. *See* TEX. R. APP. P. 38.8(b)(3). The reporter's record of the hearing shall also be filed with this Court in the form of a supplemental reporter's record within fifteen days of the date of the hearing. *See id*.

All appellate timetables are stayed and will resume on our receipt of (1) the appellant's briefs or (2) the supplemental appellate records.

IT IS SO ORDERED.

BY THE COURT

Date:   January 7, 2014

3